# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Mallikarjun EAGA<br>1125 Sonoma Chase,<br>Alpharetta, GA 30004<br><br>Jyothi Bhimappa CHITAGUBBI<br>388B Great Rd, APT 22<br>Acton, MA 01720<br><br>Lija Mariam JOSE<br>4300 Horizon North Parkway, Apt 228,<br>Dallas, Texas-75287<br><br>Venkata Lakshmi Anupama PUVVADA<br>1005 Hemby Ridge Ln,<br> Morrisville, NC 27560<br><br>Mangalagowri TATINI<br>1224 Glengate Cir,<br>Morrisville, NC 27560<br><br>Chaya Sravani THODUPUNURI<br>233 Arellaway<br>St Johns, Florida 32259<br><br>Prameela SANTHAMMA<br>12 Prall Rd,<br>Hillsborough Township, NJ 08844<br><br>Swapna Lakshmi CHINNI VENKATA<br>42361 Piper Creek Terrace,<br>Brambleton, VA 20148<br><br>Meenal GATTU<br>4 Beacon Way, Apt 1803<br>Jersey City NJ 07304<br><br>Mahalaxmi KRISHNAMURTHY<br>1009 Old Trace Road NW<br>Concord NC 28027<br><br>Plaintiffs,<br><br>            -against- | Case No.<br><br>COMPLAINT |

| | |
|---|---|
| UNITED STATES CITIZENSHP AND IMMIGRATION SERVICES and MARK KOUMANS, in his official capacity as Acting Director<br><br>20 Massachusetts Ave NW, Washington DC 20529<br><br>Defendant | |

## INTRODUCTION

1. This action is brought by the plaintiffs to compel the United States Citizenship and Immigration Services (USCIS) to adjudicate their applications to extend their H-4 nonimmigrant status and employment authorization which it routinely unreasonably delays. The plaintiffs are compelled to take this action because the time which the USCIS is currently taking to adjudicate most of these applications is so excessive as to make it impossible for the plaintiffs to continuously maintain employment authorization. Inasmuch as it is generally a requirement of employment in the United States that an employee be continuously available for employment during regular business hours and days, delays in the processing of these applications which are so excessive as to ensure breaks in employment authorization regardless of the applicant's diligence, are per se unreasonable in that they defeat the purpose of the grant of employment authorization given to qualifying H-4 nonimmigrants such as the plaintiffs. The plaintiffs earnestly request the Court to require the USCIS to consistently adjudicate applications to extend their employment authorization within a reasonable time of the filing of the same, but not, in any event, more than 6 months after such applications are properly filed.

## JURISDICTION

2. This being a civil matter arising under the Administrative Procedure Act, a law of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## THE PARTIES

3. The plaintiffs are all foreign nationals and H-4 nonimmigrant spouses who are eligible for employment authorization under 8 C.F.R. § 214.2(h)(9)(iv) who have filed timely applications to extend their H-4 nonimmigrant status and their employment authorization which are currently pending with the USCIS.

4. Each of the plaintiffs hold employment which, as a general rule, requires their continuous availability for work.

5. Each of the plaintiffs are in danger of losing their employment if they cannot extend their employment authorization before the expiration of their current period of employment authorization.

6. The defendant, USCIS, is an agency within the Department of Homeland Security with responsibility for adjudicating applications for extension of the plaintiffs' H-4 nonimmigrant status and their applications to extend their employment authorization. Defendant Mark Koumans is its Acting Director and as such is the individual with responsibility for adjudicating applications for extension of the plaintiffs' H-4 nonimmigrant status and their applications to extend their employment authorization.

## LEGAL BACKGROUND

7. **5 U.S.C. § 555(d) provides in relevant part that** "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it"

8. 5 U.S.C. § 706 provides in relevant part that:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
> **(1)** compel agency action unlawfully withheld or unreasonably delayed

**9. 8 U.S.C. § 1101(a)(15) provides in relevant part that:**

> The term "immigrant" means every alien except an alien who is within one of the following classes of nonimmigrant aliens-
> …
> (H)(i)(b) Subject to section 212(j)(2), who is coming temporarily to the United States to perform services (other than services described in subclause (a) during the period in which such subclause applies and other than services described in subclause (ii)(a) or in subparagraph (O) or (P)) in a specialty occupation described in section 214(i)(1) or as a fashion model, who meets the requirements for the occupation specified in section 214(i)(2) or, in the case of a fashion model, is of distinguished merit and ability, and with respect to whom the Secretary of Labor determines and certifies to the Attorney General that the intending employer has filed with the Secretary an application under section 212(n)(1), ….. and the alien spouse and minor children of any such alien specified in this paragraph if accompanying him or following to join him;

10. On May 12, 2014, the Department of Homeland Security (DHS) proposed a rule pertaining to the "Employment Authorization For Certain H-4 Dependent Spouses" to extend the availability of employment authorization to certain H–4 dependent spouses of principal H–1B nonimmigrants in the process of seeking lawful permanent resident status through employment.

11. The purpose of this rule was explained by the DHS as follows:

> Under current regulations, DHS does not list H–4 dependents (spouses and unmarried children under 21) of H–1B nonimmigrant workers among the classes of aliens eligible to work in the United States. See 8 CFR 274a.12. The lack of employment authorization for H–4 dependent

spouses often gives rise to personal and economic hardship for the families of H–1B nonimmigrants the longer they remain in the United States. In many cases, for those H–1B nonimmigrants and their families wish to remain permanently in the United States, the timeframe required for an H–1B nonimmigrant to acquire lawful permanent residence through his or her employment may be many years. As a result, retention of highly educated and highly skilled nonimmigrant workers in the United States can become problematic for employers. Retaining highly skilled persons who intend to acquire lawful permanent residence is important to the United States given the contributions of these individuals to the U.S. economy, including advances in entrepreneurial and research and development endeavors, which correlate highly with overall economic growth and job creation. In this rule, DHS is proposing to extend employment authorization to certain H–4 dependent spouses of H–1B nonimmigrants. DHS believes that this proposal would further encourage H–1B skilled workers to remain in the United States, continue contributing to the U.S. economy, and not abandon their efforts to become lawful permanent residents, to the detriment of their U.S. employer, because their H–4 nonimmigrant spouses are unable to obtain work authorization. This proposal would also remove the disincentive for many H–1B families to start the immigrant process due to the lengthy waiting periods associated with acquiring status as a lawful permanent resident of the United States.

12. On February 25, 2015, the DHS issued a final rule amending its regulations to add the following language:

§ 214.2 Special requirements for admission, extension, and maintenance of status. * * * * * (h) * * * (9) * * * (iv) H–4 dependents. The spouse and children of an H nonimmigrant, if they are accompanying or following to join such H nonimmigrant in the United States, may be admitted, if otherwise admissible, as H–4 nonimmigrants for the same period of admission or extension as the principal spouse or parent. H–4 nonimmigrant status does not confer eligibility for employment authorization incident to status. An H– 4 nonimmigrant spouse of an H–1B nonimmigrant may be eligible for employment authorization only if the H–1B nonimmigrant is the beneficiary of an approved Immigrant Petition for Alien Worker, or successor form, or the H–1B nonimmigrant's period of stay in H–1B status in the United States is authorized under sections 106(a) and (b) of the American Competitiveness in the Twenty-first Century Act 2000 (AC21), Pub. L. 106–313, as amended by the 21st Century Department of Justice Appropriations Authorization Act, Public Law 107–273. To request employment authorization, an eligible H–4 nonimmigrant spouse must file an Application for Employment Authorization, or a successor form, in accordance with 8 CFR 274a.13 and the form instructions. Such Application for Employment Authorization must be accompanied by documentary evidence establishing eligibility, including evidence that the principal H–1B is the beneficiary of an approved Immigrant Petition for Alien Worker or has been provided H–1B status under sections 106(a) and (b) of AC21, as amended by the 21st Century Department of Justice Appropriations Authorization Act, the H–1B beneficiary is currently maintaining H–1B status, and the H–4 nonimmigrant spouse has been admitted to the United States as an H–4 nonimmigrant or granted an extension of H–4 status on that basis.

\* \* \* \* \* PART 274a—CONTROL OF EMPLOYMENT OF ALIENS ■ 3. The authority citation for part 274a continues to read as follows: Authority: 8 U.S.C. 1101, 1103, 1324a; Title VII of Public Law 110–229; 48 U.S.C. 1806; 8 CFR part 2. ■ 4. Section 274a.12 is amended by adding a new paragraph (c)(26), to read as follows: § 274a.12 Classes of aliens authorized to accept employment. \* \* \* \* \* (c) \* \* \* (26) An H–4 nonimmigrant spouse of an H–1B nonimmigrant described as eligible for employment authorization in 8 CFR 214.2(h)(9)(iv).

]

## CAUSE OF ACTION

13. The plaintiffs are each the H-4 nonimmigrant spouse of an H-1B nonimmigrant who is eligible for, and has obtained, in the past, employment authorization as an H– 4 nonimmigrant spouse of an H–1B nonimmigrant who is the beneficiary of an approved Immigrant Petition for Alien Worker, or successor form, or who's period of stay in H–1B status in the United States is authorized under sections 106(a) or (b) of the American Competitiveness in the Twenty-first Century Act 2000 (AC21), Pub. L. 106–313, as amended by the 21st Century Department of Justice Appropriations Authorization Act, Public Law 107–273. They currently each have an application for extension of their nonimmigrant status and employment authorization pending upon their behalf as follows:

| Name | H-4 Receipt Number (Form I-539) | H-4 EAD Receipt Number (Form I-765) |
|---|---|---|
| Swapna Lakshmi CHINNI VENKATA | LIN2013350391 | LIN2013350404 |
| Prameela SANTHAMMA | WAC2015750116 | WAC2090122809 |
| Jyothi Bhimappa CHITAGUBBI | EAC2014851349 | EAC2014851361 |
| Mallikarjun EAGA | LIN2016850750 | LIN2016850772 |
| Chaya Sravani THODUPUNURI | LIN2014650550 | LIN2014650562 |
| Mangalagowri TATINI | WAC2016550664 | WAC2016550735 |
| Venkata Lakshmi Anupama PUVVADA | EAC2090059380 | EAC2090059381 |
| Lija Mariam JOSE | SRC2021950435 | SRC2021950435 |

| Meenal GATTU | LIN2019350699 | LIN2019350714 |
| Mahalaxmi KRISHNAMURTHY | EAC2090063875 | EAC2090063876 |

14. Each of the plaintiffs' period of employment authorization is limited to their H-1B nonimmigrant spouse's period of authorized stay.

15. The plaintiffs may not apply to extend their H-4 nonimmigrant status or their employment authorization any sooner than the date upon which their H-1B nonimmigrant spouse may apply to extend his or her H-1B status.

16. An H-1B nonimmigrant must file a USCIS Form I-129 in order to extend his or her lawful status in the United States.

17. As noted above, the instructions to the said Form I-129, which not only have the force of law, but actually supersede H-1B regulations, provide that (generally) an H-1B nonimmigrant may not apply for an extension of stay more than six months prior to the start date of the new period of stay.

18. Therefore, likewise, an H-4 nonimmigrant spouse may not apply to extend his or her nonimmigrant status and employment authorization based upon that status more than six months before it expires.

19. Two thirds of the USCIS service centers which adjudicate applications for extension of H-4 dependent status report normal processing times in excess of six months for such applications.

20. In fact, the USCIS California Service Center reports that it is taking 14 to 18 months to process applications for extensions of H-4 nonimmigrant status.

21. Because the above-described employment authorization for H-4 nonimmigrant spouses cannot be approved for a date beyond the expiration date of the H-4 nonimmigrant's status, this means that these service centers take at least the time reported for extensions of H-4 status to extend H-4 nonimmigrant spouse's employment authorization as well.

22. Further, these reported processing times are only estimates, are frequently exceeded in practice, and apparently do not even take into consideration the fact that in a certain percentage of cases there will be a request for additional evidence which will further delay the processing of the application beyond the published processing times.

23. As a consequence of the above, it is unlikely that most H-4 nonimmigrant spouses applying to extend their employment authorization will be able to obtain approval of an extension before their current employment authorization expires.

24. In fact, should an H-4 nonimmigrant spouse be unfortunate enough to have his or her application assigned to the California Service Center, he or she can expect that their application for extension of stay and employment authorization will not be approved until 8 to 12 months after their current employment authorization expires.

25. It is a universally acknowledged fact that employers value, and wish to employ, employees who are regularly available for work during normal business hours and days.

26. It is, as a practical matter, extraordinarily difficult for an H-4 nonimmigrant spouse to continue to maintain employment when that employment is subject to extended periods of time in which the H-4 nonimmigrant spouse is not available for work.

27. The failure of the USCIS to consistently adjudicate applications to extend the employment authorization of nonimmigrant H-4 spouses within six months of their filing makes it at the very by least quite difficult for H-4 nonimmigrant spouses to maintain employment dur to the gaps in their employment authorization.

28. The lack of employment for H-4 dependent spouses often gives rise to personal and economic hardship for the families of H-1B nonimmigrants.

29. It is in the United States' national interest that H-1B skilled workers should remain in the United States and continue contributing to their U.S. employers, and not abandon their efforts to become lawful permanent residence to the detriment of their U.S. employer, because their H-4 nonimmigrant spouses are unable to sustain employment due to the gaps in their employment authorization.

30. Accordingly, the failure of the USCIS to consistently adjudicate applications for extension of H-4 nonimmigrant spouses' employment authorization within six months of filing is defeating the purpose for which the employment authorization was granted to H-4 nonimmigrant spouses, that is, to encourage H-1B nonimigrants to remain with their employer by enabling their spouses to obtain and maintain employment.

31. Where, as here, USCIS processing times will routinely result in the expiration of an H-4 nonimmigrant spouse's employment authorization prior to an extension of the same being granted, thereby defeating the purpose for which the employment authorization was to be granted in the first place, those processing times are not "reasonable".

32. Therefore, any processing time in excess of six months for an application to extend an H-4 nonimmigrant spouse's employment authorization is not a reasonable time.

## CONCLUSION

Wherefore the plaintiffs respectfully request that the Court exercise its authority pursuant to 5 U.S.C. § 706(1) to compel the USCIS to adjudicate all of the plaintiffs' applications for employment authorization as H-4 nonimmigrant spouses, now or in the future, within a reasonable time, and no more than six months after the date they are filed.

Respectfully Submitted this 21st day of September, 2020

/s/ Michael E. Piston

Michael E. Piston (MI 002)
Attorney for the Plaintiffs
225 Broadway Suite 307
New York, NY 10007
646-845-9895